**In the Matter of Eduardo FONTANEZ, Jr., Respondent.**

**No. 45S00–1606–DI–329.**

Supreme Court of Indiana.

July 14, 2016.

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

LORETTA H. RUSH, Chief Justice.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulat-

ing agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** Throughout 2015, Respondent regularly commingled his own personal funds with the funds of his clients in his trust account and made several disbursements and cash withdrawals from his trust account for purely personal purposes. Respondent also made a number of disbursements from his trust account that were not based upon a written withdrawal authorization. During this time, Respondent did not keep contemporaneous individual client ledgers for his trust account. The parties indicate that Respondent did not invade client funds or use client funds for his own purposes.

The parties cite Respondent's prior discipline as an aggravating fact. The parties cite Respondent's immediate acknowledgement of wrongdoing and attendance of a CLE on trust account management as facts in mitigation.

**Violations:** The parties agree that Respondent violated the following rules governing professional conduct:

Ind. Professional Conduct Rule 1.15(a): Commingling client and attorney funds and failing to maintain and preserve complete records of client trust account funds.

Ind. Admission and Discipline Rules:

23(29)(a)(2): Failure to create sufficiently detailed and complete trust account records and failure to retain such records for at least five years after dispositions of matters.

23(29)(a)(3) and (4): Failure to create, maintain, or retain accurate trust account records and client ledgers.

23(29)(a)(4): Commingling client funds with other funds of the attorney or firm.

23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization stating the amount and purpose of the withdrawal and the payee.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning August 22, 2016, with two months actively served and the remainder stayed subject to completion of at least two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include among other things:

(1) Respondent shall procure the services of a certified public accountant, who shall evaluate Respondent's trust account management practices and procedures and report quarterly to the Commission.

(2) The Commission shall move to revoke Respondent's probation if he violates the terms and conditions of probation. Respondent's probation shall be automatically revoked if there is a judicial finding that Respondent violated the Rules of Professional Conduct or any criminal law during the term of his probation.

(3) If probation is revoked, the stayed portion of Respondent's suspension shall be reinstated and the suspension shall be actively served without automatic reinstatement.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's

probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

All Justices concur.